# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

---

In Re:

Wayne N. Beckley and
Wendy M. Beckley,

      Debtors.

Bankruptcy Case
No. 12-00097-JDP

---

Dale Goodwin, John & Nancy
Lindberg, and Ann Walch

      Plaintiffs,

vs.

Wayne N. Beckley,

      Defendant.

Adv. Proceeding
No. 12-06021-JDP

---

## MEMORANDUM OF DECISION

---

Appearances:

   Julie K. Fisher, MORROW & FISCHER, PLLC, Nampa, Idaho and
   Lauri E. Burri, Boise, Idaho Attorneys for Plaintiffs.

   David M. Fogg, Eagle, Idaho Attorney for Defendant.

MEMORANDUM OF DECISION - 1

### *Introduction*

In this adversary proceeding, Defendant Wayne Beckley ("Defendant") has filed a motion under Civil Rules 59(a) and (e)[1] asking the Court to amend the summary judgment and order it entered in favor of Plaintiffs Dale Goodwin, John and Nancy Lindberg, and Ann Walch ("Plaintiffs").  Dkt. No. 48.  In the motion, Defendant contends that the Court made an error of law when it applied Idaho preclusion law in determining that a money judgment previously entered against Defendant in the U.S. District Court was preclusive on the issue of whether Defendant had engaged in fraud, such that the judgment debt was excepted from discharge under § 523(a)(2)(A) in Defendant's bankruptcy case.  Plaintiffs oppose the motion; they argue that the Court was correct to apply Idaho preclusion law to the federal district court's prior judgment. Dkt. No. 57.

---

[1]  Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532; all rule references to the "Bankruptcy Rules" are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037; and all references to "Civil Rules" are to the Federal Rules of Civil Procedure 1–86.

MEMORANDUM OF DECISION - 2

On February 19, 2013, the Court held a hearing at which the parties

appeared and presented arguments concerning the motion.  At the

conclusion of the hearing, the Court took this issues under advisement.

Having considered the briefs and arguments of the parties, the Court

concludes that Defendant's motion to amend the summary judgment

should be denied.

### *Facts*

On January 18, 2012, Defendant and his spouse, Wendy Beckley,

filed a chapter 7 bankruptcy petition.  Bankr. No. 12-00097, Dkt. No. 1.

Plaintiffs commenced this adversary proceeding by filing a complaint in

which they alleged that the debt owed to Plaintiffs by Defendant should be

excepted from discharge in bankruptcy pursuant to §§ 523(a)(2), (a)(4), and

(a)(6).  Adv. No. 12-06021, Dkt. No. 1.  In particular, the complaint alleged

that Defendant had solicited a loan from Plaintiffs in 2006 to invest in

property in California.  *Id.* at ¶ 5.  Defendant allegedly represented to

Plaintiffs that the money they loaned to him would be secured by a second

MEMORANDUM OF DECISION - 3

position deed of trust against the California property. *Id.* at ¶ 7. Based

upon these representations by Defendant, Plaintiffs loaned Defendant

$370,000 in September of 2006, which Defendant agreed to repay a year

later. *Id.* at ¶ 8. Defendant never repaid the loan, nor did Defendant ever

grant Plaintiffs the deed of trust on the California property. *Id.* at ¶¶ 8 and

15. Instead, the complaint alleges that Defendant used the loan proceeds

for personal investments and for his own uses. *Id.* at ¶¶ 11-13.

Plaintiffs allege they sued Defendant, Paul Beckley, and Bald

Mountain, LP, a California Limited Partnership, in the U.S. District Court

for the District of Idaho on November 18, 2009, alleging claims for relief for

both fraud and breach of contract. *Id.* at ¶ 16. Defendant, through counsel

appearing for all of the named-defendants, filed an answer in the District

Court action on December 14, 2009. *Id.* at ¶ 19. The answer was amended

twice thereafter. *Id.* at ¶ 21. With the court's permission, Defendant's

attorney then withdrew on June 7, 2010, and as the other two defendants'

counsel on June 21, 2010. *Id.* at 22. Ccontrary to the court's order

MEMORANDUM OF DECISION - 4

authorizing counsel to withdraw, Defendant did not appear through new counsel or on his own behalf. On August 9, 2010, on Plaintiffs' motion, the District Court entered a default judgment against all three defendants. *Id.* at ¶ 24. The judgment stated, among other things, that "Plaintiffs have prevailed on their claims of breach of contract and fraud." *Id.* It awarded Plaintiffs $425,589.48 in damages against the defendants, jointly and severally.

Based upon the allegations in Plaintiffs' adversary complaint, the exhibits attached to the complaint, including the judgment of the District Court, this Court granted, in part,[2] Plaintiffs' motion for summary judgment determining that the District Court's judgment was preclusive in its holding that Defendant had engaged in fraud. More precisely, in the order entered on January 11, 2013, memorializing this decision, the Court stated that "Plaintiffs are entitled to collateral estoppel or issue preclusion based upon Idaho State law as to the Default Judgment entered by the U.S.

---

[2]  The Court denied Plaintiffs' motion for summary judgment under §§ 523(a)(4) and (a)(6). Plaintiffs have since dismissed these claims for relief.

MEMORANDUM OF DECISION - 5

District Court for the District of Idaho in the case of *Goodwin v. Beckley*,

Case No. 1:09-CV-594-BLW, dated August 9, 2012, docket no. 32",

provided that the debt owed by Defendant to Plaintiffs under the

judgment was excepted from discharge under § 523(a)(2)(A), and that

"Plaintiffs are awarded a Judgment against Defendant in the amount of

the Default Judgment entered by the U.S. District Court . . . for the total

sum of $413,317.23 . . . ." Dkt. No. 46 at ¶ 1, ¶ 2. It is this judgment that

Defendant now asks the Court to reconsider.

   In connection with Defendant's motion, the parties agreed that the

Court could review the District Court's docket and pleadings filed in

*Goodwin v. Beckley*, Case No. 1:09-CV-594-BLW. Plaintiffs' complaint

alleges that the District Court has subject matter jurisdiction over the suit

under both 28 U.S.C. §§ 1331 and 1332 "on the grounds of diversity of

citizenship of the parties to the action and upon the grounds that the

amount in controversy exceeds, exclusive of interest and costs, the sum of

$500,000.00." *Id.* at ¶ 11. The complaint alleges two claims for relief

MEMORANDUM OF DECISION - 6

against the defendants: (1) breach of contract; and (2) misrepresentation and fraud. *Id.* at ¶¶ 36 and 44. According to the District Court's docket, and as represented in Plaintiffs' adversary complaint, on December 14, 2009, Defendant, through his counsel, filed an answer to the complaint disputing Plaintiffs' claims against him. Dist. Ct. Dkt. No. 5. The next day, Defendant filed an amended answer. Dist. Ct. Dkt. No. 8. And on December 29, 2009, Defendant again amended the answer. Dist. Ct. Dkt. No. 10. Notably, in this last version of the answer, Defendant admits that the District Court has subject matter jurisdiction. *Id.* at ¶ 3.

On June 7, 2010, counsel for Defendant was granted leave to withdraw. Dist. Ct. Dkt. No. 17. The order entered by the district judge allowed Defendant 21 days to either appear through new counsel, or to advise the Court and parties that he would appear on his own behalf. *Id.* at ¶ 2. The District Court also ordered that a failure of Defendant to timely appear in the action through new counsel or personally "shall be grounds for entry of default against [Defendant] without further notice." *Id.* at ¶ 3.

MEMORANDUM OF DECISION - 7

As noted above, Defendant did not timely appear, and Plaintiffs

successfully sought and obtained the default judgment against Defendant.

### Analysis and Disposition

Defendant argues that the Court erred in granting Plaintiffs'

summary judgment motion when it applied Idaho law to determine the

preclusive effect of the District Court's judgment.  According to

Defendant, the Court should have applied federal preclusion law.  If the

Court had applied the proper federal standard, Defendant contends, it

would have concluded that the District Court's judgment was not

preclusive on the issue of Defendant's alleged fraud, and therefore, the

Court would have denied Plaintiffs' summary judgment motion.  To

support his argument, Defendant relies on *United States Internal Revenue*

*Service v. Palmer (In re Palmer)*, 207 F.3d 566 (9th Cir. 2000).  Based on this

error, Defendant asks this Court to alter or amend the judgment of the

Court under Civil Rule 59(e).

Plaintiffs oppose Defendant's motion.  They believe that the Court

MEMORANDUM OF DECISION - 8

was correct to apply Idaho preclusion law under these facts because the

District Court was exercising its diversity jurisdiction. In support of their

conclusion, Plaintiffs cite to *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531

U.S. 497 (2001).

**I. Applicable Law**

 A. Civil Rule 59

 Civil Rule 59 is made applicable in bankruptcy adversary

proceedings by Bankruptcy Rule 9023. In this case, Defendant invokes

Civil Rule 59(a) and (e). Dkt. No. 48 at 1. Civil Rule 59(a) states:

> In General.
> (1) Grounds for New Trial. The court may, on motion,
> grant a new trial on all or some of the issues--and to any
> party--as follows:
> (A) after a jury trial, for any reason for which a new trial
> has heretofore been granted in an action at law in federal
> court; or
> (B) after a nonjury trial, for any reason for which a
> rehearing has heretofore been granted in a suit in equity
> in federal court.
> (2) Further Action After a Nonjury Trial. After a nonjury
> trial, the court may, on motion for a new trial, open the
> judgment if one has been entered, take additional
> testimony, amend findings of fact and conclusions of law

MEMORANDUM OF DECISION - 9

or make new ones, and direct the entry of a new judgment.

Based upon the clear language of the Civil Rule, a motion under Civil Rule 59(a) is not inappropriate when the court's judgment has been entered, not after trial, but via summary judgment before a trial.  *See Merrill v. County of Madera*, 389 F. App'x. 613, 615 (9th Cir. 2010) (stating "a Rule 59(a) motion for new trial is not available on claims or causes of actions for which Plaintiffs never received a trial"); *see also Waites v. Kirkbride Center*, No. 10-cv-1487, 2012 WL 3104503, *3 n.1 (E.D. Pa. July 30, 2012) (stating "[s]ome courts have determined that Rule 59(a) is not the proper vehicle to review an order granting summary judgment . . . this Court has not found [] any cases where a new trial was granted based upon an alleged improper grant of summary judgment.").  However, as Judge Myers has pointed out, "[t]he standard for motions under [Civil] Rule 59(a) are similar [to Civil Rule 59(e)]: a [Civil Rule 59(a)] motion may be granted, in the court's discretion, upon a showing of manifest error of fact, manifest error of law, or newly discovered evidence." *In re Wahlin*,

MEMORANDUM OF DECISION - 10

11.2 IBCR 51, 52 (Bankr. D. Idaho) (citing *Janas v. Marco Crane & Rigging Co. (In re JWJ Contracting Co.)*, 287 B.R. 501, 514 (9th Cir. BAP 2002)).

Civil Rule 59(e) provides, simply, that a " motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." "Under [Civil] Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). It is the movant's burden to establish that a court committed "clear error" under Civil Rule 59(e). *389 Orange St. Partners*, 179 F.3d at 665; *see also In re Wahlin*, 11.2 IBCR at 52 (stating "[t]he trial court enjoys considerable discretion in granting or denying [a Civil Rule 59(e)] motion.") (internal quotation marks omitted).

Based on the similarity of the applicable standards reviewed above, the Court will analyze Defendant's motion under both Civil Rules 59(a)

MEMORANDUM OF DECISION - 11

and (e) to determine whether the Court committed either a "manifest error

of law" or a "clear error" of law.  *See In re Wahlin*, 11.2 IBCR at 52 (equating

"clear" error of law with "manifest" error of law).

B.  *Res Judicata* Generally

Claim preclusion and issue preclusion are "collectively referred to as

'*res judicata*.'"  *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).  Claim preclusion

applies, and denies, an attempt by a party to a prior action to relitigate the

very same claim that was resolved in the prior litigation by a final

judgment.  *Id.*  "Issue preclusion, in contrast, bars 'successive litigation of

an issue of fact or law actually litigated and resolved in a valid court

determination essential to the prior judgment,' even if the issue recurs in

the context of a different claim.  *Id.* (quoting *New Hampshire v. Maine*, 532

U.S. 742, 748 (2001)).  *Res judicata* applies to prevent parties that "have had

a full and fair opportunity to litigate" from prosecuting multiple actions,

conserves judicial resources, and minimizes the possibility of inconsistent

judgments.  *Montana v. United States*, 440 U.S. 147, 153-54 (1979).  Issue

MEMORANDUM OF DECISION - 12

preclusion applies in nondischargeability proceedings.  *Grogan v. Garner*, 498 U.S. 279, 285 n.11 (1991).

C. Choice of Law

In *Semtek Int'l. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001), the Untied States Supreme Court settled the issue as to choice of law regarding application of the doctrine of claim preclusion cases by holding that the preclusive effect of a federal court judgment is to be determined by federal common law.  *Id.* at 508.  In its decision, the Court noted that "[s]ince state, rather than federal, substantive law is at issue [in a diversity jurisdiction case] there is no need for a uniform federal rule.  And indeed, nationwide uniformity in the substance of the matter is better served by having the same claim-preclusive rule (the state rule) apply whether the dismissal has been ordered by a state or federal court."  *Id.*

In *Taylor v. Sturgell*, 553 U.S. 880 (2008), the Supreme Court expanded on the *Semtek* decision.  In *Taylor*, the Supreme Court stated that "[t]he preclusive effect of a federal-court judgment is determined by

MEMORANDUM OF DECISION - 13

federal common law." *Taylor* 553 U.S. at 891.  The Court went on to again

describe the federal common law approach to preclusion issues and

explained that in cases of federal question jurisdiction, the federal courts

"participate in developing 'uniform federal rules' of *res judicata*" and the

Supreme Court has the "ultimate authority to determine and declare"

those rules.  *Id.* (quoting *Semtek*, 531 U.S. at 508).  In contrast, the Supreme

Court noted, "[f]or judgments in diversity cases, federal law incorporates

the rules of preclusion applied by the State in which the rendering court

sits."  *Id.* at 891 n.4; *see also Taco Bell Corp. v. TBWA Chiat/Day, Inc.*, 552 F.3d

1137, 1144 (9th Cir. 2009) (stating, in an issue preclusion case, "[t]he

Supreme Court has held that 'federal common law governs the claim-

preclusive effect of a dismissal by a federal court sitting in diversity.'

Federal common law requires application of 'the law that would be

applied by state courts in the State in which the federal diversity court

sits.'") (quoting *Semtek*, 531 U.S. at 508) (internal citations omitted)).  In

*Taco Bell*, the Ninth Circuit applied Michigan preclusion law to determine

MEMORANDUM OF DECISION - 14

the prior issue preclusion effect of a judgment rendered by a federal

district court with diversity jurisdiction sitting in the Western District of

Michigan.  *Taco Bell Corp.*, 552 F.3d at 1144; *see also, Giles v. General Motors*

*Acceptance Corp.*, 494 F.3d 865, 884 (9th Cir. 2007) (citing *Semtek* and

holding that in a federal court diversity jurisdiction case where state

substantive law is at issue, the federal courts are to apply the preclusion

law that the state court would apply).

In sum, when in the exercise of its diversity jurisdiction in an action

where state substantive law controls the disposition of the parties' claims,

a federal district court enters its judgment, a subsequent court must apply

federal common law to determine the preclusive effect of that judgment.

The federal common law approach to determining the preclusive effect of

a federal district court's judgment, sitting in diversity, is to apply the state

preclusion law applicable where the federal district court sits.

In this case the judgment sought to be enforced was rendered by the

U.S. District Court in Idaho exercising its diversity jurisdiction in an action

MEMORANDUM OF DECISION - 15

based on Idaho state law claims for fraud and breach of contract.[3]  As a

result, as this Court previously decided, the Idaho law concerning the

availability and operation of issue preclusion is applicable.

D. Idaho Preclusion Law

In Idaho, "[t]he general rule is that once a judgment is entered it is

*res judicata* with respect to all issues which were or could have been

litigated."  *Waller v. State Dep't of Health and Welfare*, 192 P.3d 1058, 1062

(Idaho 2008) (citing *Compton v. Compton*, 612 P.2d 1175, 1180 (Idaho 1980);

*Magic Valley Radiology, P.A. v. Kolouch*, 849 P.2d 107, 109-10 (Idaho 1993);

and *Farmers Nat'l Bank v. Shirley*, 878 P.2d 762, 769 (Idaho 1994)).  In order

--------

[3]  At the motion hearing, Defendant's counsel questioned whether the
District Court was indeed exercising its diversity jurisdiction.  This Court
declines to ponder this question.  As noted above, Plaintiffs' complaint in the
District Court allege that subject matter jurisdiction is appropriate under the
diversity jurisdiction provisions of the Judicial Code.  This allegation was
admitted by Defendant in his last answer filed in response to that complaint.
Moreover, Plaintiffs' claims against Defendant in that action, and the resulting
judgment, were based on state law – damages for breach of contract and fraud.
The Court therefore presumes no "federal question" was implicated nor served
as the basis for the District Court's jurisdiction.  Of course, if the District Court's
jurisdiction is flawed, Defendant may presumably raise the issue in that court by
appropriate motion.

MEMORANDUM OF DECISION - 16

to invoke the doctrine of issue preclusion in Idaho, a five factor test must

be met:

> 1) the party against whom the earlier decision was
> asserted had a full and fair opportunity to litigate the
> issue decided in the earlier case; (2) the issue decided in
> the prior litigation was identical to the issue presented in
> the present action; (3) the issue sought to be precluded
> was actually decided in the prior litigation; (4) there was
> a final judgment on the merits in the prior litigation; and
> (5) the party against whom the issue is asserted was a
> party or in privity with a party to the litigation.

*Rodriguez v. Dept' of Corr.*, 29 P.3d 401, 403 (Idaho 2001).

## 1. Default Judgments Are Entitled to Preclusive Effect

The Idaho Supreme Court has issued a clear directive as to whether

default judgments are entitled to preclusive effect:  "This Court has held

that, absent fraud or collusion, the principle of *res judicata* applies equally

in cases of default judgment."  *Waller*, 192 P.3d at 1062 (citing *Beesley v.*

*Beesley*, 758 P.2d 695, 696 (Idaho 1988)).  The extent of the preclusive effect

of a default judgment in Idaho is best understood by a brief discussion of

the facts of *Waller*.  The defendant in that case had a default judgment

MEMORANDUM OF DECISION - 17

entered against him in 1995 determining the he was the father of a child

and requiring that he pay child support for that child.  *Waller*, 192 P.3d at

1060.  Through DNA tests, it was later determined that the defendant was

not the father of the child.  *Id.*  After learning this, the defendant sued for

relief from the child support obligation.  *Id.*  In defense, the State asserted

that defendant was precluded on the issue of defendant's paternity and

responsibility to pay support.  *Id.*  In that litigation, the defendant filed no

answer, did not appear at any hearing, nor did he otherwise participate

whatsoever in the proceeding prior to the entry of the default judgment.

*Id.* at 1062.  Nevertheless, the district trial held, and Idaho Supreme Court

agreed, that the default judgment was entitled to preclusive effect.  *Id.* at

1063.  This Court has acknowledged this dictate in the past.  *See In re*

*Antonie*, 432 B.R. 843, 849 (Bankr. D. Idaho 2010) *aff'd*, 447 B.R. 610 (D.

Idaho 2011) (noting, "[t]his Court has held that a state court judgment can,

in appropriate circumstances, satisfy some of the elements outlined above,

even though it was entered by default.") (citing *In re Elias*, 03.4 I.B.C.R. 243,

MEMORANDUM OF DECISION - 18

247–48. (Bankr. D. Idaho 2003)).

## II. Disposition of Issues

Applying these legal principals to the case at hand, the Court

concludes Defendant has not shown that this Court committed a clear or

manifest error of law so as to justify relief under Civil Rule 59(e) from this

Court's judgment. In the exercise of its discretion, Defendant's motion will

be denied.

*Semtek* and *Taylor* have explained that, to determine the preclusive

effect of a federal district court's judgment entered in a diversity action,

federal common law applies. That federal common law, in turn, requires a

court to apply the preclusion law of the state in which the federal district

that entered the subject judgment is located to determine the preclusive

effect of the federal judgment.

Applying these rules in this case, the Court concludes that Idaho law

determines the preclusive effect of the U.S. District Court's judgment in

this adversary proceeding. It is undisputed that Defendant "had a full and

MEMORANDUM OF DECISION - 19

fair opportunity to litigate" in the district court, as evidenced by the fact

that he filed not one, but three separate answers to the Plaintiffs' complaint

in that action, and that after his attorney withdrew, he was given sufficient

time to obtain new counsel or to appear in person before any default was

entered against him.  Instead, Defendant chose not to participate in the

litigation any further after the withdrawal of his counsel, and it was this

decision that resulted in the entry of the default judgment against him.

The judgment therefore satisfies the requirements for application of issue

preclusion under Idaho law.

The District Court's judgment determined that Defendant had

engaged in fraud for purposes of Idaho law.  This determination is

adequate to establish the elements for an exception to discharge under §

523(a)(2)(A).  *Kilgore Adventures, LLC v. Marek (In re Marek)*, 12.2 IBCR 60

(Bankr. D. Idaho 2012); *Gamble v. Overton (In re Overton)*, 09.1 IBCR 19

(Bankr. D. Idaho 2009).

Defendant argues that *United States Internal Revenue Service v. Palmer*

MEMORANDUM OF DECISION - 20

*(In re Palmer)*, 207 F.3d 566 (9th Cir. 2000) compels a different result.  The Court disagrees.

First, it should be noted that *Palmer*, and the other cases cited by Defendant, predate the Supreme Court's decisions in *Semtek* and *Taylor*. However, and more importantly, *Palmer* and other similar decisions all involve the preclusive effect of a federal court's prior judgment entered in actions in which *federal* substantive law controlled.  Indeed, in *Palmer*, the judgment in question had been entered by the tax court in an action to determine that debtor had committed tax fraud under the Internal Revenue Code.  207 F.3d at 567.  In this case, Plaintiffs' claims against Defendant in the district court action invoked only *state* law.  This critical distinction renders the case law relied upon by Defendant to support his motion inapposite.

### *Conclusion*

MEMORANDUM OF DECISION - 21

For the reasons set forth above, Defendant's motion to amend or

alter the judgment will be denied.  The Court will enter a separate order.

Dated:  March 7, 2013

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 22